### Jane DOE, Appellant at No. 06–3625

v.

### C.A.R.S PROTECTION PLUS, INC.; Fred Kohl.

### Jane Doe

v.

### C.A.R.S Protection Plus, Inc.; Fred Kohl

### C.A.R.S Protection Plus, Inc., Appellant at No. 06–4508.

### Nos. 06–3625, 06–4508.

United States Court of Appeals, Third Circuit.

Sept. 9, 2008.

WD/PA Civil No. 01–cv–02352, District Judge: The Honorable Maurice B. Cohill, Jr.

Gary M. Davis, Pittsburgh, PA, for Jane Doe.

C.A.R.S. Protection Plus, Inc., Murrysville, PA, pro se.

Before: RENDELL and NYGAARD, Circuit Judges, and McCLURE,[1] District Judge.

### ORDER

MARJORIE O. RENDELL, Circuit Judge.

The panel recently entered three orders in connection with this appeal: the order vacating the grant of summary judgment, remanding the case to the District Court; an order granting a motion "to proceed under seal and in pseudonym"; and an order denying intervention sought by sev-

*gust of 2001* when the VIGOR cardiovascular data was presented more fully in the [JAMA article]." App. at 1225 (emphasis added).

1. Honorable James F. McClure, Jr., District Judge for the United States District Court for the Middle District of Pennsylvania, sitting by designation.

eral publications desirous of challenging the sealing of the case, in which we stated "movant may pursue this matter with the District Court upon remand". We believe we should clarify the scope of the remand regarding the sealing order. It is not our intention that the order we entered sealing the record on appeal would prevent the District Court from considering this issue anew; indeed, our order suggesting further pursuit of this issue was intended to reflect our view that the District Court was the better court in which this issue could be litigated, since it could hold a hearing, and had done so previously on this very issue at the outset of the case, and since the record on appeal consists in large measure of the record made in the District Court. The issue of the propriety of the continued sealing of the case now that it will proceed to trial is an important one; the District Court should feel free to decide this issue unfettered by our rulings to date.[2]

---

**2.** Judge Nygaard declines to join this order because it was not requested by either party and because he considers it unnecessary.